PROB 12B
(7/93)

Report Date: August 29, 2006

## United States District Court

for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 30 2006

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Brian Ellis Neal                Case Number: 2:02CR06034-001

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen

Date of Original Sentence: 1/31/2006              Type of Supervision: Supervised Release

Original Offense: Possession with Intent to Distribute     Date Supervision Commenced: July 27, 2006
a Controlled Substance, 18 U.S.C. §§ 841(a)(1), 2

Original Sentence: Prison - 18 Months; TSR - 24   Date Supervision Expires: July 26, 2008
Months

---

### PETITIONING THE COURT

To modify the conditions of supervision as follows:

17   You shall reside in a residential reentry center for a period of up to 180 days. This placement may include a pre-release component, day reporting, and home confinement (with or without electronic monitoring, but not to include GPS) at the directions of the CCM and USPO. You shall abide by the rules and requirements of the facility. You shall remain at the facility until discharged by the Court.

18   You shall provide the supervising probation officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of your Federal income tax returns. You shall disclose all assets and liabilities to the supervising probation officer. You shall not transfer, sell, give away, or otherwise convey any asset, without the advance approval of the supervising probation officer.

19   You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

20   You shall abstain from alcohol and shall submit to testing (including urinalysis and Breathalyzer), as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from this substance.

Prob 12B
Re: Neal, Brian Ellis
August 29, 2006
Page 2

## CAUSE

On August 1, 2006, Mr. Neal reported for his supervision intake appointment, at the probation office in the Western District of Washington. U.S. probation Officer Michael Larson collected a urine sample for drug screening that tested presumptively positive for cocaine, marijuana, and methamphetamine. Mr. Neal reported that he had used ecstasy over the weekend, but denied using cocaine or marijuana. On August 17, 2006, written confirmation was received from Scientific Testing Laboratories in Richmond, Virginia, stating the defendant's urine sample was positive for cocaine, marijuana, and MMDA (ecstasy).

On August 15, 2006, Mr. Neal failed to report to the probation office as directed for the purpose of drug testing. On August 18, 2006, the defendant was contacted at his residence by U.S. Probation Officer Michael Larson and another officer. Mr. Neal provided a urine sample for drug screening that tested presumptively positive for cocaine and marijuana. It should be noted that when contacted at his residence he was found consuming alcoholic beverages.

A third urinalysis test was conducted in the probation office on August 21, 2006. The defendant's urine sample tested presumptively positive again for marijuana and cocaine. During his meeting with U.S. Probation Officer Mike Larsen, he was advised that his inability to regain his sobriety may result in his placement at a residential re-entry center (RRC).

On August 29, 2006, Mr. Neal was advised of his rights to a hearing and attorney representation, and then was presented with a consented modification to include placement at an RRC up to 180 days. Mr. Neal acknowledged that he understood his rights, and signed the waiver consenting to the modification of conditions of supervised release.

It is the hope that moving the defendant to a more structured environment will allow him to focus on substance abuse treatment, securing employment, and locating an approved release address. U.S. Probation Officer Mike Larsen has indicated that Mr. Neal is no longer welcome to remain at his current residence due to his continued drug use.

I have attached the letter requesting action from the Western District of Washington U.S. Probation Office, along with the signed waiver consenting to the modification of supervised release.

Respectfully submitted,

by /s/ Matthew Thompson

Matthew Thompson
U.S. Probation Officer
Date: August 29, 2006

THE COURT ORDERS

[ ]  No Action
[ ]  The Extension of Supervision as Noted Above
[X]  The Modification of Conditions as Noted Above
[ ]  Other

_____
Signature of Judicial Officer

8/30/06
Date